UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
02/09/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

FAROOQUE AHMED,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 2:23-cv-00230-JPH-MG

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY ANSWERS IN THE FORM OF INTERROGATORIES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE-26

COMES NOW THE PLAINTIFF FAROOQUE AHMED, IN PRO SE, with his above captioned MOTION TO COMPEL DISCOVERY ANSWERS IN THE FORM OF INTERROGATORIES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 26, and in so doing avers the following in support thereof:

I. THE DEFENDANTS ANSWERED THE COMPLAINT OF THE PLAINTIFF ON January 23, 2024(See Doc.30). The Defendants, in large part, filed misleading and incomplete and outright untruthful answers in their response to the complaint of the Plaintiff. As a result the Plaintiff Farooque Ahmed (hereafter referred to as "the Plaintiff")moves the honorable court to compel the defendants to provide complete and truthful answers to his interrogatories, below, pursuant to Federal Rules of Civil Procedure, Rule-26.

II. THE NATURE AND PREMISE OF THE USE OF FED.RUL.CIV.PROC.26 Rule-26 of the Federal Rules of Civil procedure requires a party to provide other parties with "the name and, if known, the address and telephone # of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing party

may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule-26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during discovery process or in writing." Fed. R. Civ. P. 26(e)(1). To ensure compliance with these discovery requirements, Rule-37 provides that "[a] party that without substantial justification fails to disclose information required by Rule-26(a) or (e). . .is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Defendants in this matter have filed incomplete and untruth answers in their answer(s) the complaint of the Plaintiff as follows:

PARAGRAPH ONE OF DEFENDANTS ANSWER-PAGE-1:

Defendants claim in their ANSWER that the Plaintiff cannot be ascertained as a citizen of the United States or that they lack information to conclude that Plaintiff is a citizen of the United States.

PLAINTIFFS' FIRST INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: The Assistant United States Attorney, JOI KAMPER, is the person who tendered the ANSWER to the complaint of the Plaintiff. Does the AUSA-Kamper know and realize that the Federal Bureau of Prisons as well as the United States Attorney's Office, For The Southern District of Indiana, Civil Division, have access to the citizenship registry of the Plaintiff in this matter ? But yet have filed a false and misleading response to the complaint of the Plaintiff ?

PARAGRAPH ONE OF DEFENDANTS ANSWER-PAGE-2:

Defendants claim in their ANSWER that it admits that Plaintiff is serving a 23 year sentence in federal prison, but denies that he is currently serving that sentence in Terre Haute, Indiana, and denies the remaining allegations of the foregoing paragraph.

-2-

PLAINTIFFS' SECOND INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: The United States knows and realizes that the Plaintiff is currently serving a federal sentence at the United States Federal Correctional Institution in Marion, Illinos, in what's known as the "COMMUNICATIONS MANAGEMENT UNIT" ? Is it not true that at the time of the alleged allegations contained in the complaint of this matter the acts and actions by those who were implicated took place at the Federal Correctional Institution, Terre Haute, Indiana, in what's known as the "Communications Management Unit" ?

PARAGRAPH THREE OF THE DEFENDANTS ANSWER-PAGE-2:

The Defendants realize that the Plaintiff was assaulted by the Defendants in the process of the factual allegations in the verified complaint of the Plaintiff; whereby he sustained injuries and nerve damage to his hand which have been corroborated by an attending physician as alleged in the verified complaint of the Plaintiff ? THIS RESPONSE MUST BE MADE UNDER OATH AND THE PENALTY OF PERJURY.

QUESTION: State the exact name and rank and occupation of the correctional officer who caused the damage to Plaintiff by an unreasonable use-of-force in handcuffing and the use of prolonged handcuffing of the Plaintiff.

PLAINTIFFS" THIRD INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER

QUESTION: Is it not true that the government, specifically the Assistant United States Attorney in this matter, JOI KAMPER, has in her possession or resonable access to the medical records of the Plaintiff that show he was diagnosed with carpel tunnel syndrome ?

PLAINTIFFS' FOURTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: Is it not true that the Assistant United States Attorney, JOI

KAMPER, has consulted with or interview at length the Defendants agent TRAVIS WEBBER who was the federal correctional officer in question who was responsible for transporting the Plaintiff to the medical department at FCI-Terre Haute for the purpose of an x-ray examination with the Plaintiff handcuffed behind his back ? Is it not true that the government, specifically AUSA-JOI KAMPER, has knowledge that is discoverable to the Plaintiff in relation to the fact that the Plaintiff reminded the agent for the United States, TRAVIS WEBBER, that the plaintiff needed to be handcuffed in front instead of handcuffed from behind in order to do an x-ray on his knees and ankles as he had/has carpel tunnel sundrome ? Is it not true that the government, and specifically AUSA-JOI KAMPER, has discoverable information that federal correctional officer, TRAVIS WEBBER, refused to accomodate the plaintiff to lay back while being handcuffed from the back that caused the plaintiff to lay in a painful position for an extended amount of time that caused him extreme paim and ultimately was the cause of nerve damage to his hand ?

PLAINTIFFS' FIFTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: Is it not true that the government has, in its possession thru discovery obtained by Assistant United States Attorney, JOI KAMPER, that substantiates the fact that the Plaintiff had submitted several "sick call" requests to the medical department at FCI-Terre Haute about the nature of the shakling in this matter ?

PLAINTIFFS' SIXTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: On April, 2023, is it not true that the Plaintiff was seen by Dr. Patel at which time Dr. Patel determined that I (the Plaintiff) had/has suffered nerve damage to two of the Plaintiffs' fingers as a result of the shakling by agent-TRAVIS WEBBER ? Is it not true that the Assistant

United States Attorney, JOI KAMPER, has in here possession information that concludes that the Plaintiff was taken to the medical department in April, 2023, in order to be examined and receive a consultation from Dr. Patel. During the course of the examination Dr. Patel determined that the Plaintiff suffered nerve damage as a result of the x-ray that was done on the plaintiff whereby agent-TRAVIS WEBBER forced the plaintiff to lay in a position that permanently destroyed the nerves in two fingers as a result of the acts and actions of the government-agent, TRAVIS WEBBER ?

PLAINTIFFS' SEVENTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: The Plaintiff hereby moves for the date of birth of the government agent, TRAVIS WEBBER, his place of birth, and a chronology of his hiring in the Federal Bureau of Prisons and on what date was he hired. The Plaintiff moves for discovery of all available information pertinent to the hiring of government-agent, TRAVIS WEBBER. The Plaintiff moves for discovery in the personnel file of government-agent, TRAVIS WEBBER, as to any disciplinary actions taken against against Webber during his employment with the Federal Bureau of prisonssor any other government agency. The Plaintiff moves for discivery of and thru the personnel file of government agent-TRAVIS WEBBER, as to any psychological conditions that the Federal Bureau of Prisons was aware of during the hiring phase of government agent TRAVIS WEBBER and any known psychologial condition that may have prevented the hiring of government agent-TRAVIS WEBBER by the Federal Bureau of Prisons or any government agency known or unknown to the Assistant United States Attorney, JOI KAMPER, and/or any other federal employee appurtenant to the matter at hand. The Plaintiff moves for discovery of any known case file documents contained in the employment file of government agent-TRAVIS WEBBER as to any instances of brutality, use of force, or psychological conditions during his instant employment with the Federal Bureau of Prisons.

Which includes any "ADMINISTRATIVE REMEDIES" that have been filed against government agent-TRAVIS WEBBER during his instant employment with the Federal Bureau of Prisons.

PLAINTIFFS' EIGHTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION: Is it not rue that the united States, by and through its representative, AUSA-JOI KAMPER, have in their possession or access to such discovery sought, herein, that corroborated the fact that the Plaintiff has experienced serious and outrageous physical injury at the hands of the government agent-TRAVIS WEBBER, that has also caused Plaintiff emotional distress and permanent damage to his right hand index and middle finger with nerve damage. . .which caused the Plaintiff an inability to perform his normal daily work due to the constant shaking of said extremities due to the negligence of the medical department at FCI-Terre Haute, during the dates in question that are contained in the complaint of this case ? To that extent the Plaintiff moves for the government to produce all discovery in its possession as to the interrogatory questions in this matter that is either physicallyyin their possession or in the possession of the Federal Bureau of Prisons or any other government agency.

PLAINTIFFS' NINTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION:
On Page-6 of the governments' ANSWER(Doc.30) the government claims as "DEFENSES" beginning at paragraph-1 that: "The United States, through its employyes and agents, acted with due care and diligence at all times." This DEFENSE flies-in-therface with the governments' ANSWERS, above, that they     "lack knowledge or information to form a belief about the truth of the allegations in the foregoing paragraphs and therefor denies them." (See Pages 1-4 of the governments ANSWERS in the text of (Doc.30)). The government goes on to state that, in paragraph-2, Page-6, that: "No

acts or omissions of the united States were the proximate cause of any injury to Plaintiff." Again, the Plaintiff re-incorporates his previously authored INTERROGATORY QUESTIONS ONE THRU NINE as fully incorporated herein. If the government wasn't the cause of any injury to the Plaintiff, then who or what would be the cause ? Surely not the Plaintiff !

PLAINTIFFS' TENTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

QUESTION:

Paragraph-3 of the DEFENSES put forward by the Defendants has no proximal cause of action as to Indiana State law as to the proportional reduction of any damanages that may be awarded in this case. The Plaintiff moves for the goverment to file a "Bill of Particulars" outlining its case law and authority on this matter. (See page-6)(Doc.30).

PLAINTIFFS' ELEVENTH INTERROGATORY QUESTION WHICH MUST BE ANSWERED UNDER OATH:

Paragraph-4 of the DEFENSES of the government contained on Page-6 of (Doc. 30) claim that the Plaintiff has alleged injuries that were not caused by the incident at hand. If that's the case, name the incident that the government claims was, in fact, the nelgligent and proximal cause, in whole or in part, of the incidents at issue.

Paragraph-5 states that Plaintiffs' damages are limited to the amounts set fourth in 28 U.S.C. S. 2675(b). The Plaintiff moves for the government to file supporting authorities to this conclusion which is baseless and patently false.

Paragraph-6 states that the "Plaintiffs' claims are barred to the extent they exceed the scope of the underlying administration submission." The Plaintiff moves for a more definitive statement from the government as there is no underlying administrative submission that is barred from recovery in monetary or punitive or special or injunctive relief in this complaint.

Paragraph-7 states that the plaintiff is not entitled to recover any seperate amount of attorney's fees which must be paid out of an award of judgment pursuant to 28 U.S.C. S. 2412. The Plaintiff moves for a more definitive statement as to case law or other authority the government relies on in making such a patently false assertion and claim.

Paragraph-8 is once again a non-entity in and for the premis that the Plaintiff is limited as to Indiana law based upon the Federal Tort Claims Act. The Plaintiff moves for a more definitive statement by the government as to the citations to authorities they claim are applicable to this defense.

Paragraph-9 Again, the government posits no case law of otherwise authority that suggests or shows that Plaintiff must be offset in the event that the government is found neglegent in this matter. The Plaintiff moves the government for a more definitive statement outling its authorities for the proposition that the Plaintiffs' damages, if any, must be offset to the extent that any such medical expense has been discounted, reduced, or written off.

Paragraph-10 states that the government proposes that it is not responsible in any way for the liability of the parties to whom the Plaintiff plead his cause of action. Again, the Plaintiff moves for the government to provide a more definitive statement as to the authorities they incorporate as holding for the negligence which will be attributed to the injuries of the Plaintiff, or the person(s)

Paragraph-11 Plaintiff has not failed to mitigate his damages nor is he required to do so by law. The Plaintiff moves for a more definitive statement as to the authorities the government has relied upon to make such a claim.

Paragraph-12 Paragraph 12 has no relevance whatsoever to the factual and verified complaint in this matter. Therefore, the Plaintiff moves for a

more definitive statement as to the authorities the government is relying on to support their allegation in this paragraph-12.

WHEREFORE, The Plaintiff FAROOQUE AHMED, IN PRO SE, hereby tenders is FIRST SET OF INTERROGATORIES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE-26, upon the government and its counsel, and the same shall respond to the Plaintiff, UNDER OATH AND THE PENALTY OF PERJURY, all questions and answers made by the Plaintiff therein.

Dated: February 04, 2024

Respectfully submitted,
FAROOQUE AHMED
ADDRESS: #77315-083
P.O. BOX 1000 FCI-MARION
MARION, IL 62959

## CERTIFICATE OF SERVICE

I, the undersigned, hereby serve my FIRST SET OF INTERROGATORIES upon the government and its counsel, postage pre-paid, to all parties, this 4th. day of February, 2024, by placing the same in the "Prison mailbox" for delivery in the U.S. Mail.

S/
FAROOQUE AHMED